UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EFX MARKETING, LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NEW TWIST FOOD, LLC<br><br>　　　　　Defendant. | Civil Action No.: ____<br><br><br>**COMPLAINT AND**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff EFX Marketing, LLC (hereinafter "EFX" or "Plaintiff"), by and through its undersigned counsel, hereby brings this action against Defendant New Twist Food, LLC ("New Twist" or "Defendant"), and alleges as follows:

## PARTIES

1.　　Plaintiff EFX Marketing, LLC ("EFX") is a corporation organized under the laws of the State of New York, with its principal place of business located at 1581 East 8 Street Brooklyn, New York, 11230.

2.　　Defendant New Twist Food, LLC ("New Twist") is a corporation organized under the laws of the State of New York, with its principal place of business located at 65 West 37 Street, Suite 300, New York, New York, 10018.

## NATURE OF CLAIMS, JURISDICTION AND VENUE

3.　　This action arises under the Patent laws of the United States (35 U.S.C. §1 et. seq.), the Trademark and Unfair Competition laws of the United States (15 U.S.C. §§ 1051 et

1

seq.), the Copyright laws of the United States (17 U.S.C. § 101 et seq.).

4. Jurisdiction of this Court is founded upon 15 U.S.C. §§ 1121 and 28 U.S.C. §§ 1331, 1332(a)(1), 1338(a) and (b), and the pendent jurisdiction of this Court.

5. Venue is proper within this Judicial District under 28 U.S.C. Sections 1391(b) and (c), and 1400(a) and (b).

## FACTUAL ALLEGATIONS

### Background

6. Plaintiff EFX sells, markets, and advertises candies and confectionary under the trade name Happy Yummies (since 2013) in this Judicial District and elsewhere, as well as on the Internet via its website, https://happyyummies.com/ and on Amazon.com. Among Plaintiff's most successful products are its candies and confectionaries, *e.g.*, gummies and chocolates that it sells in its unique shaped packages. *See* Exhibit B, including pictures of Plaintiff's unique shaped packages.

### EFX's Design Patent Rights

7. EFX is the true and rightful owner of a new, non-obvious and ornamental design of its unique shaped package which is the subject of U.S. Design Patent No. D818,842 for a "Package for Candy," and which issued on May 29, 2018 ("the `842 Design Patent"). A copy of EFX's `842 Design Patent is attached as Exhibit A.

### EFX's Trade Dress Rights

8. EFX's distinctive package has a unique and distinctive shape and configuration, which represents EFX's trade dress, as shown in the photographs attached as Exhibit B. The distinctive package is characterized the unique shape and configuration of the packaging bag

which includes: (a) the distinctive shape/silhouette of a bear, having rounded/curved ears, head and torso, (b) a flat bottom, (c) wherein the top of the "head portion" of the bag remains flat when the bag is filled, and (d) a sealable opening located at the top of the "head portion" of the bag ("Packaging Trade Dress"). The arrangement and combination of these elements are nonfunctional, arbitrary, and fanciful and constitutes valid trade dress.

9. EFX has expended substantial time, efforts, and money to promote and market its distinctive unique shaped packages on the Internet, on its packaging, and in advertisements, most of which emphasize Plaintiff's distinctive Packaging Trade Dress. EFX's unique shaped packages have appeared and been featured in advertisements and marketing materials. As a result of these substantial advertising and promotional efforts, EFX has made substantial sales of its unique shaped packages.

10. As a result of its extensive advertising and promotional activities which emphasize the distinctive Packaging Trade Dress, and further as a result of its substantial sales, the distinctive Packaging Trade Dress has become recognized by the purchasing public as indicating the source or origin of EFX's unique shaped packages.

11. EFX's Packaging Trade Dress is fanciful, distinctive, nonfunctional and well-recognized and represents the substantial goodwill of EFX throughout the United States, including in this Judicial District.

11a. Plaintiff EFX sells its distinctive products and packaging both directly to retail consumers and wholesale to various retailers.

11b. Plaintiff EFX's customers, particularly its wholesale customers, recognize the origin of Plaintiff's products from the products' distinctive packaging.

**EFX's Copyright Rights**

12.     EFX's unique shaped packages represent wholly original works of authorship fixed in tangible mediums of expression and are copyrightable subject matter under the Copyright Law of the United States. U.S. Copyright Registration Nos. VAu 1-282-531 and VA 2-091-719 ("EFX's Copyrighted Images") duly issued for EFX's unique shaped packages and are valid and subsisting. A copy of the Certificates of Registration for EFX's unique shaped packages are attached as Exhibit C. EFX is the true and rightful owner under these copyrights and EFX has duly marked its unique shaped packages with copyright notices.

**Defendant's Acts of Infringement**

13.     On information and belief, Defendant New Twist Food, LLC markets and sells infringing packages under the Candy Fix brand within this Judicial District and elsewhere and are called "Resealable-Stand Up-Bear Shaped Pouches." Defendant's "Resealable-Stand Up-Bear Shaped Pouches" are very close copies of Plaintiff EFX's unique shaped packages and are without authorization from EFX.  Defendant's "Resealable-Stand Up-Bear Shaped Pouches" incorporate the elements of EFX's distinctive Packaging Trade Dress, and embody the invention claimed in the Design Patent. A Photograph of Defendant's "Resealable-Stand Up-Bear Shaped Pouches" are attached as Exhibit D. *Compare* Exhibits A and D; *compare* Exhibits B and D.

14.     Without authorization from Plaintiff EFX, Defendant New Twist had access to and copied the copyrighted EFX unique and distinctive shaped packages, and Defendant New Twist sells its "Resealable-Stand Up-Bear Shaped Pouches" which incorporate the elements of EFX's distinctive Packaging Trade Dress and are substantially similar to Plaintiff's copyrighted works for U.S. Copyright Registration Nos. VAu 1-282-531 and VA 2-091-719. *Compare*

Exhibits C and D.

15. Defendant's "Resealable-Stand Up-Bear Shaped Pouches" are competitive with Plaintiff EFX's unique shaped packages and, on information and belief, are sold to consumers through the same channels of trade at a lower wholesale price point than EFX's unique shaped packages.

16. By adopting and using EFX's patented package shape and Packaging Trade Dress, and by trading on EFX's valuable goodwill, Defendant New Twist has caused and is likely to continue to cause confusion, mistake and deception of purchasers and potential purchases as to the source or origin of Defendant's "Resealable-Stand Up-Bear Shaped Pouches" and as to the existence of an association, connection, or relationship between New Twist and EFX.

16a. Upon information and belief, at least Plaintiff EFX's wholesale customers have demonstrated actual confusion as to the origin of Defendant New Twist's products.

16b. Upon information and belief, Defendant New Twist has approached Plaintiff EFX's wholesale customers with its infringing product, seeking to misappropriate Plaintiff EFX's goodwill and take away its customer base.

17. Upon information and belief, Defendant New Twist's adoption of the invention claimed in the Design Patent, as well as EFX's Packaging Trade Dress and copyrighted works is deliberate and intentional and with full knowledge of EFX's rights.

18. New Twist's actions have damaged and are likely to continue to damage the well established reputation and goodwill of EFX.

19. EFX is being irreparably injured and monetarily damaged by New Twist's acts. EFX has no adequate remedy at law.

## COUNT 1 – DESIGN PATENT INFRINGEMENT OF U.S. DESIGN PATENT NO. D818,842

20. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

21. This cause of action arises under Section 35 of the Patent Laws of the United States, 35 U.S.C. §§ 271 and 289.

22. The claimed design of U.S. Design Patent No. D818,842 ("the `842 design patent") is shown in Figures 1 through 8 of the patent and described in the accompanying figure descriptions. The `842 design patent is valid and enforceable. Representative images are below:

| FIG. 1 is a front perspective view of a package for candy | FIG. 3 is a front view of the front of the package, with the package in a flat configuration and empty | FIG. 5 is a left side elevational view thereof; FIG. 6 is a right side elevational view thereof |
|---|---|---|
| FIG. 1 | FIG. 3 | FIG. 5  FIG. 6 |

23. Defendant New Twist has made, used, offered to sell, sold and/or imported into the United States, and still are making, using, offering to sell, selling, and/or importing into the United States, "Resealable-Stand Up-Bear Shaped Pouches" having a design that infringes the claim of the Design Patent, without EFX's authorization or consent. A representative image of a Defendant's "Resealable-Stand Up-Bear Shaped Pouches" is below:



24. In the eye of the ordinary observer familiar with the relevant prior art, giving such attention as a purchaser usually gives, the claimed design of the U.S. Design Patent No. D818,842 and the design of Defendant New Twist's "Resealable-Stand Up-Bear Shaped Pouches" are substantially the same, such that the ordinary observer would be deceived into believing that the design of Defendant's New Twist's "Resealable-Stand Up-Bear Shaped Pouches" is the design claimed in U.S. Design Patent No. D818,842.

24a. Defendant New Twist has been on notice of its infringing acts as of at least January 25, 2019. A copy of EFX's January 25, 2019 notice letter is attached as Exhibit E.

25. On information and belief, Defendant New Twist's infringement has been intentional and willful, making this an exceptional case.

26. Defendant New Twist will, on information and belief, continue to infringe upon EFX's rights under §§ 271 and/or 289 of the Patent Act, unless and until it is enjoined by this Court. EFX has been and is likely to continue to be irreparably injured unless New Twist is enjoined. EFX has no adequate remedy at law.

### **COUNT 2 – TRADE DRESS INFRINGEMENT, 15 U.S.C. § 1125(a)**

27. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

28. Defendant New Twist infringed on nonfunctional elements of EFX's Packaging Trade Dress by creating substantially similar visual reproductions of EFX's uniquely shaped packages, namely Defendant's "Resealable-Stand Up-Bear Shaped Pouches," and marketing them under the brand name Candy Fix. On information and belief, Defendant New Twist's theft of the EFX's Packaging Trade Dress included copying, in all material respects, the non-functional, ornamental features of EFX's Packaging Trade Dress, including: (a) the distinctive shape/silhouette of a bear, having rounded/curved ears, head and torso, (b) a flat bottom, (c) wherein the top of the "head portion" of the bag remains flat when the bag is filled, and (d) a sealable opening located at the top of the "head portion" of the bag.

29. On information and belief, the design of EFX's unique shaped packages that New Twist copied was among the most recognizable and coveted in EFX's product collection, and had acquired secondary meaning.

29a. Upon information and belief, at least Plaintiff EFX's wholesale customers have demonstrated actual confusion as to the origin of Defendant New Twist's products.

8

29b. Upon information and belief, Defendant New Twist has approached Plaintiff EFX's wholesale customers with its infringing product, seeking to misappropriate Plaintiff EFX's goodwill and take away its customer base.

29c. Defendant New Twist has been on notice of its infringing acts as of at least January 25, 2019. *See* attached Exhibit E, a copy of EFX's January 25, 2019 notice letter.

30. New Twist's use of the EFX's Packaging Trade Dress in New Twist's manufacturing and packaging of its Infringing "Resealable-Stand Up-Bear Shaped Pouches" was deceptive and likely to cause mistake and confusion regarding the emanation of New Twist's packaging from EFX, or were sponsored, or approved of by EFX.

31. By its aforementioned acts, New Twist infringed EFX's rights in EFX's Packaging Trade Dress in violation of section 32 of the Lanham Act, 15 U.S.C § 1125(a).

32. New Twist's acts were willful and done in conscious disregard of EFX's rights in the EFX's Packaging Trade Dress.

33. As a direct and proximate result of Defendant New Twist's actions, EFX has sustained substantial damages in an amount to be established at trial.

### **COUNT 3 – COPYRIGHT INFRINGEMENT, 17 U.S.C. § 501**

34. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

35. EFX is the owner of all rights in and to EFX's Copyrighted Images.

36. EFX, as owner of all rights and interest in and to EFX's Copyrighted Images, is entitled to exclusive rights to use, reproduce, distribute, publicly display, publish, and prepare derivative works of the same under the Copyright Act, 17 U.S.C. § 106. Representative images

are below:



37. Upon information and belief, Defendant New Twist's images used in connection with its "Resealable-Stand Up-Bear Shaped Pouches" were copied or derived from EFX's Copyrighted Images and are substantially similar to the designs in the above Copyrighted Images. A representative image of a Defendant's "Resealable-Stand Up-Bear Shaped Pouches" is below:



38. New Twist was not, and is not, authorized to copy, reproduce, distribute, publicly display, publish, or prepare derivative works that infringe EFX's rights in EFX's Copyrighted Images.

39. New Twist's acts of copying, reproduction, publication, and public display of EFX's Copyrighted Images violated EFX's exclusive rights granted by 17 U.S.C. § 106, and constitute infringement under 17 U.S.C. § 501.

40. EFX's Copyrighted Images are displayed with notice of its copyrights claimed by EFX.

40a. Defendant New Twist has been on notice of its infringing acts as of at least January 25, 2019. *See* attached Exhibit E, a copy of EFX's January 25, 2019 notice letter.

41. New Twist was aware of EFX's rights in EFX's Copyrighted Images and had reason to believe that its acts of copying the EFX's Copyrighted Images constituted infringement of EFX's rights therein, thereby rendering New Twist's infringement willful.

42. By reason of Defendant's infringement, EFX has sustained substantial injury, loss, and damage to its rights in EFX's Copyrighted Images.

43. EFX is entitled to recover damages, pursuant to 17 U.S.C. § 504, and EFX's costs and attorney's fees, pursuant to 17 U.S.C. § 505.

**WHEREFORE**, Plaintiff demands judgment:

a. Adjudging and decreeing that Defendant has unlawfully infringed EFX's design patent, misappropriated EFX's trade dress rights and infringed EFX's copyrights;

b. Preliminarily and permanently enjoining Defendant, its officers, agents, servants, employees and attorneys and all those in active concert or participation with any of them:

        1.      from importing, distributing, advertising, promoting, selling, and/or offering for sale a packaging design substantially similar to the Design Patent, the Packaging Trade Dress or the copyrighted works associated with EFX's unique shaped packages, or any colorable variation thereof, unless the product emanates from or is authorized by Plaintiff; and

        2.      from selling infringing products which would represent or suggest that Defendant's products are affiliated with, related to, or sponsored by Plaintiff or suggesting any connection with it;

    c.    Requiring Defendant to pay its profits to Plaintiff, any damages sustained by Plaintiff as a result of Defendant's acts, and Plaintiff's costs for the action, and attorneys' fees, pursuant to 35 U.S.C. §§ 284, 289, 15 U.S.C. § 1117(a) and 17 U.S.C. §§ 504 and 505;

    d.    Requiring Defendant to pay to Plaintiff statutory damages, pursuant to 17 U.S.C. § 504(c);

    e.    Requiring that all product labels, signs, prints, packages, wrappers, receptacles, and advertisements of Defendant bearing Plaintiff's patented package shape, Packaging Trade Dress, or copyrighted works, and any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices and other means of making the same, be delivered up to Plaintiff for destruction, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503;

    f.    Requiring Defendant to pay to Plaintiff three times the amount of actual damages, and reasonable attorneys' fees, because of the exceptional nature of this case, pursuant to 35 U.S.C. § 285, 15 U.S.C. § 1117(a) and 17 U.S.C. § 505; and

    g.    Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff EFX Marketing, LLC requests a trial by jury in this matter.

Dated: March 7, 2019

Respectfully submitted,

EZRA SUTTON, PA

/s/ Ezra Sutton
Ezra Sutton, Esq.
900 Route 9, Suite 201
Woodbridge, New Jersey 07095
(732) 634-3520 – telephone
(732) 634-3511 – facsimile
Email: esutton@ezrasutton.com

Attorneys for Plaintiff
*EFX Marketing, LLC*